IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO, | NO. C 11-2809 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE; DENYING APPOINTMENT OF COUNSEL** |
| v. | |
| GOVERNOR SCHWARZENEGGER, et al., | (Docket No. 3) |
| Defendants. | |

## INTRODUCTION

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against the former Governor of California and employees of the California Department of Corrections and Rehabilitation based on alleged violations of his constitutional rights when he was housed at Pelican Bay State Prison. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The complaint is reviewed pursuant to 28 U.S.C. 1915A and ordered served upon certain defendants.

## ANALYSIS

A. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

1  (9th Cir. 1990).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
3  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
4  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
5  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
6  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
7  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
8  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
9  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative
10 level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
11 complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*
12 at 1974.

13 To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:
14 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
15 that the alleged deprivation was committed by a person acting under the color of state law.
16 *West v. Atkins*, 487 U.S. 42, 48 (1988).

17 **B.   LEGAL CLAIMS**

18 Plaintiff alleges that he was housed in administrative segregation at PBSP when his
19 cellmate attacked him in their cell with a razor blade.  Plaintiff alleges that during the attack he
20 was in handcuffs.  According to plaintiff, defendants Correctional Officers S.C. Jeter and C.
21 Hamilton had provided the razor to plaintiff's cellmate, and that they deliberately "staged" or
22 set up the attack.  Plaintiff further alleges that defendants Metcalfe, Ford, Gobin, Nichols,
23 McKellep, Healy, Streeter, Bliss, Roberts and Serna, along with other prison employees not
24 named as defendants, watched the attack from outside the cell, but did not stop it or open the
25 cell door to allow plaintiff to leave.  He alleges that, only after a "long period of time" they
26 opened the cell door and sprayed him with "pepper" spray, but not his attacker, and poked and
27 struck him on the ear with batons.  They then allegedly dragged plaintiff from his cell across the
28 unit, and choked and hit him.  He alleges that defendant McKellep photographed plaintiff, and

defendant Bliss, a nurse, arrived and stole his watch, before plaintiff was taken to the medical clinic. He was given a shower and treated for cuts on his back, face, head, arm and cornea, as well as swelling in his face. He was then sent to an outside hospital for eye surgery, during which time his cellmate stole some personal property. Plaintiff alleges that defendants Warden Horel, Warden Jacquez, Associate Warden Smith, and Facility Captain McGuyer failed to properly train the other defendants, which led to plaintiff's attack and defendants' violation of his rights. When liberally construed, the foregoing allegations are sufficient to state a cognizable claim against the above defendants for deliberate indifference to plaintiff's safety and the use of excessive force, in violation of plaintiff's Eighth Amendment rights.

Plaintiff's claims against Bliss for stealing his watch is not cognizable. Neither negligent nor intentional deprivation of property states a due process claim under section 1983 when the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code 810-895). Plaintiff alleges that Bliss stole his watch, an unauthorized deprivation of property that does not state a cognizable claim under Section 1983. That claim will be dismissed.

Plaintiff also names the former Governor of California as a defendant, but he makes no allegations against him. He also includes two correctional officers as defendants, Anderson and Ramirez, against whom he makes no allegations. Consequently, the claims against them will be dismissed.

## CONCLUSION

1. Plaintiff's claim against defendant Bliss for stealing his watch is Dismissed. Plaintiff's claims against defendants Governor Schwarzenegger, Sergeant J.R. Anderson, and

1 Correctional Officer Ramirez are **DISMISSED**.

2 The clerk shall issue summons and the United States Marshal shall serve, without
prepayment of fees, a copy of the complaint in this matter with all attachments thereto and a
copy of this order upon defendants: **Warden Robert A. Horel; Warden Francisco Jacquez; Associate Warden P.T. Smith; Correctional Facility Captain K.L. McGuyer; Lieutenant J. Metcalfe; E.C. McKellep; S.C. Jeter; C. Hamilton; H.J. Nichols; D.K. Gobin; R.L. Serna; D. Ford; E.A. Healy; C.J. Streeter; Nurse R. Bliss;** and **Nurse L. Roberts**, at **Pelican Bay State Prison**. A courtesy copy of the complaint with its attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

   c. Defendants **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due.

4

No hearing will be held on the motion unless the court so orders at a later date.

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. The motion for appointment of counsel (docket number 3) is **DENIED** as the circumstances of this case do not require plaintiff to be represented counsel at this time. Plaintiff should not file any further motions for appointment of counsel. Should the circumstances of this case so warrant at a later date, this case will be referred for location of pro bono counsel.

**IT IS SO ORDERED.**

Dated: August __31__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SCHOPPERICO2809.SRV.wpd

5

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

6