IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. SCHOPPE-RICO,

    Plaintiff,

vs.

GOVERNOR SCHWARZENEGGER, et al.,

    Defendants.

No. C 11-02809 YGR (PR)

**ORDER FINDING PLAINTIFF'S ATTEMPTS TO LOCATE DEFENDANT E. C. MCKELLEP'S CURRENT ADDRESS AS INSUFFICIENT AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO PROVIDE THAT ADDRESS**

    Plaintiff, a state prisoner, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983 against multiple defendants. Service has been ineffective as to Defendant E. C. McKellep.

    In an Order dated January 26, 2012, the Court notified Plaintiff that the United States Marshal had been unable to effectuate service upon Defendant McKellep. The Court ordered Plaintiff to provide the Court with a current address for Defendant McKellep. The Court also informed Plaintiff that the failure to provide Defendant McKellep's current address could result in the dismissal of all claims against this Defendant.

    Plaintiff has been unable to locate a current address for Defendant McKellep. Before the Court are two motions filed by Plaintiff, entitled: (1) "Motion [and] Response Regarding U.S. Marshall[']s Inability To Serve Defendant E.C. McKellep" (docket no. 38); and (2) "Motion For Extension of Time To Assist In Service of Defendant E. C. McKellep" (docket no. 37). Plaintiff claims that Defendant McKellep's address "can be obtained from the California Department of Corrections, Hiren Correction Officer Records Agency at 1515 S. Street, P.O. Box 942883, Sacramento, CA 942883-0001." (Docket no. 38.) He asks that the Court either (1) consider the attempts he has made thus far to locate Defendant McKellep's address as sufficient to meet his responsibilities under Federal Rule of Civil Procedure 4(m), or (2) grant him a further extension of time in which to locate the address himself.

Pursuant to Rule 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a *pro se* litigant proceeding *in forma pauperis* must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). As mentioned above, to date, Plaintiff has not provided the Court with Defendant McKellep's current address. Instead, Plaintiff claims that he knows where to obtain Defendant McKellep's current address; however, he has not shown that he has been successful in obtaining that Defendant's address using that lead. The Court finds that Plaintiff's submissions are insufficient to meet his responsibilities under Rule 4(m); therefore, his "Motion [and] Response Regarding U.S. Marshall[']s Inability To Serve Defendant E. C. McKellep" (docket no. 38) is DENIED.

Plaintiff, has, however, shown good cause for a further extension of time in which to provide Defendant McKellep's current address. Accordingly, Plaintiff's Motion For Extension of Time To Assist In Service of Defendant E. C. McKellep" (docket no. 37) is GRANTED. The time in which Plaintiff may provide the Court with the required information necessary to locate Defendant McKellep will be extended up to and including **April 9, 2012.** Failure to do so by the new deadline shall result in the dismissal of all claims against this Defendant.

This Order terminates Docket nos. 37 and 38.

IT IS SO ORDERED.

DATED: March 20, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Schoppe-Rico2809.granteot&deny4m.wpd    2