**United States District Court**
For the Northern District of California

1

2         IN THE UNITED STATES DISTRICT COURT

3         FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   JOHN M. SCHOPPE-RICO,                    No. C 11-02809 YGR (PR)

5            Plaintiff,                      **ORDER REITERATING *WYATT***
                                             **DISMISSAL FOR NON-EXHAUSTION**
6       vs.                                  **NOTICE AND SETTING NEW**
                                             **BRIEFING SCHEDULE**
7   ROBERT A. HOREL, et al.,

8            Defendants.
   _____/

9

10          Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging constitutional

11   violations stemming from incidents occurring during his incarceration at Pelican Bay State Prison.

12   Plaintiff's motion for leave to proceed *in forma pauperis* has been granted.

13          In an Order dated August 31, 2011, the Honorable William H. Alsup, to whom this civil

14   action was previously assigned, found that Plaintiff's complaint contained cognizable claims and

15   ordered service on Defendants.  (Docket No. 6.)  Thereafter, Defendants filed a motion to dismiss

16   for failure to exhaust administrative remedies.  Plaintiff has filed his opposition to this motion, and

17   Defendants have filed their reply to the opposition.

18          In its August 31, 2011 Order, the Court, in accordance with the holding of *Wyatt v. Terhune*,

19   315 F.3d 1108, 1120 n.4 (9th Cir. 2003), explained to Plaintiff what he must do to oppose a motion

20   to dismiss for failure to exhaust administrative remedies.  (Aug. 31, 2011 Order at 6.)  A recent

21   decision from the Ninth Circuit, however, requires that *pro se* prisoner-plaintiffs be given notice of

22   what is required of them to oppose motions to dismiss for failure to exhaust administrative remedies

23   *at the time of filing of the motions*, rather than when the district court orders service of process or

24   otherwise before the motions are filed.  *Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir.

25   July 6, 2012).  Accordingly, the Court now reiterates the following notice to Plaintiff for his

26   information in connection with Defendants' pending motion to dismiss:

27          The defendants have made a motion to dismiss pursuant to Rule 12(b) of the
            Federal Rules of Civil Procedure, on the ground you have not exhausted your
28          administrative remedies.  The motion will, if granted, result in the dismissal of your
            case, albeit without prejudice.  When a party you are suing makes a motion to

dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  A "declaration" is a written statement made "under penalty of perjury" and signed by the person making the statement known as the "declarant," who could either be you or your supporting witness.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendants' declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

As mentioned above, Plaintiff has already filed an opposition to Defendants' motion to dismiss for failure to exhaust administrative remedies.  To allow Plaintiff an opportunity to properly oppose the pending motion to dismiss for failure to exhaust administrative remedies taking into account this *Wyatt* notice, the Court now directs the parties to follow the new briefing schedule on Defendants' motion to dismiss: Plaintiff must file and serve a supplemental opposition (the filing will be a *supplemental* opposition because he has already filed an opposition) no later than **August 20, 2012**.  Defendants shall file and serve their supplemental reply no later than **September 4, 2012**. **No further extensions of time will be granted in this case absent extraordinary circumstances.**

IT IS SO ORDERED.

DATED: _____July 24, 2012_____          _____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
For the Northern District of California

2